# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CIVIL ACTION NO. 1:18-CV-00135-LLK

**MICHAEL H. COLYER**                                                                              **PLAINTIFF**

**v.**

**NANCY A. BERRYHILL, Commissioner of Social Security**                 **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. The fact and law summaries of the parties are at Dockets # 13 and 14. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. (Docket # 10.) The matter is ripe for determination.

Because the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence and Plaintiff's arguments are unpersuasive, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

## The ALJ's decision

The ALJ found that Plaintiff suffers from the following severe, or vocationally significant, impairments: hypertensive vascular disease; other disorders of gastrointestinal system; affective disorders; anxiety disorders; loss of visual acuity. (Administrative Record ("AR") at 13.) The ALJ found that, notwithstanding these impairments, Plaintiff has a residual functional capacity (RFC) for light work. (AR at 15.) In so finding, the ALJ gave "great weight" to the opinions of the Commissioner's non-examining consultants, Donna Sadler, M.D., and Lea Perritt Ph.D. (AR at 17-18 referring to AR at 96-101.)

By definition, light work contemplates 6 hours of standing/walking per 8-hour workday (with sitting during the remaining 2 hours). Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5. Light work

requires "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." *Id.* at *5. Additionally, the ALJ found that Plaintiff has significant non-exertional physical and mental limitations. (AR at 15.)

The ALJ denied Plaintiff's disability claim at the final step of the sequential evaluation process, finding that Plaintiff retains the ability to perform a significant number of light jobs in the national economy. (AR at 19-20.)

**Application of Appendix 2 rules in this case**

The ALJ cited Rule 202.11 of Appendix 2 of the regulations as a framework for decisionmaking. (AR at 19.) Rule 202.11 contemplates an individual with a maximum sustained work capacity limited to light work, who is closely approaching advanced age, has an education of limited or less, and has previous work experience of skilled or semiskilled – skills not transferable. Rule 202.11 directs an ultimate finding of "not disabled."

If Plaintiff had a maximum sustained work capability limited to sedentary work, Rule 201.10 would direct an ultimate finding of "disabled." By definition, sedentary work contemplates 6 hours of sitting per 8-hour workday (with standing/walking during the remaining 2 hours). Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5. Sedentary work requires "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." *Id.*

**Argument 5**

Plaintiff makes five arguments. The Court will consider his last argument first. Plaintiff argues that the ALJ's decision failed to give good reasons for discrediting the disabling medical opinions of his treating physician, Robert L. Bertram, D.O. (Doctor of Osteopathy). (Docket # 13 at 5-6.)

In April 2017, Dr. Bertram signed off on a Medical Source Statement, which apparently was completed by Nurse Terani Robertson. Dr. Bertram diagnosed: osteoarthritis / low back pain (OA/LBP); diabetes mellitus type II (DMII); depression; vitamin B12 deficiency; peripheral artery disease (PAD);

peripheral neuropathy; history of cerebrovascular accident (CVA); and status post hernia surgery. (AR at 778.) Dr. Bertram opined that, "considering [Plaintiff's] medical condition," in an 8-hour workday, Plaintiff can sit for a total of 3 hours, stand for a total of 2 hours, and walk for a total of 1 hour – less than an 8 hours of sitting, standing, and walking. (AR at 780.) Dr. Bertram opined that Plaintiff would likely be absent from work as a result of impairments or treatment more than four times a month. (AR at 782.) The vocational expert (VE) testified that these opinions, if accepted, would eliminate all full-time work and render Plaintiff disabled. (AR at 48-50.)

The ALJ gave little weight to Dr. Bertram's disabling opinions because they were "not supported by his own treatment notes" and were "fully based on [Plaintiff's] subjective allegations." (AR at 18.) Additionally, the ALJ discounted Dr. Bertram's osteoarthritis / low back pain (OA/LBP) diagnosis because the treatment notes indicate "T [thoracic] spine tenderness" on physical examination but such exams were conducted only when Plaintiff complained of spine pain, with no supporting x-ray, CT or MRI evidence. (AR at 18.) the ALJ discounted Dr. Bertram's peripheral neuropathy diagnosis because it was not supported by any clinical or objective testing such as EMG (electromyography) or NCV (nerve conduction velocity) tests. (AR at 18.)

A treating physician's medical opinion is entitled to controlling weight only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record." 20 C.F.R. § 404.1527(c)(2). Dr. Bertram was not asked and did not indicate what specific medical findings supported his disabling opinions. "The mere diagnosis of [an impairment provides insufficient support for specific limitations because it] says nothing about the severity of the condition." Higgs v. Secretary, 880 F.2d 860, 863 (6th Cir. 1988). Therefore, the ALJ gave good reasons for discrediting the disabling medical opinions of Dr. Bertram.

**Arguments 2 and 3**

Plaintiff's second and third arguments are that the ALJ erred in declining to find that he suffers from a severe, or vocationally significant, back condition and severe peripheral neuropathy. (Docket # 13 at 4.)

Plaintiff bore "the burden of demonstrating that he suffers from a medically determinable physical impairment -- a burden that requires 'medical signs and laboratory findings.'" *Watters v. Comm'r of Soc. Sec.*, 530 F. App'x 419, 421 (6th Cir. 2013) (quoting Social Security Ruling (SSR) 96-4p, 1996 WL 374187, at *1). As noted above, the ALJ discounted Dr. Bertram's osteoarthritis / low back pain (OA/LBP) diagnosis because the treatment notes indicate "T [thoracic] spine tenderness" on physical examination but such exams were conducted only when Plaintiff complained of spine pain, with no supporting x-ray, CT or MRI evidence. (AR at 18.) "There is no evidence in the record … of any medically acceptable diagnostic testing taken to determine the etiology of the alleged back pain … other than the claimant's subjective allegations." (AR at 17.) "As a result, the undersigned [ALJ] is unable to find a back condition as a severe impairment." (*Id.*) The ALJ discounted Dr. Bertram's peripheral neuropathy diagnosis because it was not supported by any clinical or objective testing such as EMG (electromyography) or NCV (nerve conduction velocity) tests. (*Id.*) Plaintiff failed to prove that he suffers from a severe, or vocationally significant, back condition and severe peripheral neuropathy.

Alternatively, even if the ALJ did err in declining to recognize these impairments as severe, the error was harmless because there is no evidence that Plaintiff's back condition and peripheral neuropathy preclude all light work.

**Argument 1**

Plaintiff's first argument is that the ALJ erred in failing to recognize that he suffers from severe, or vocationally significant, residual effects of cerebrovascular accident (CVA), including vision and memory loss, and multiple hernias. (Docket # 13 at 3.)

Plaintiff's argument is unpersuasive for two reasons. First, the argument lacks a factual basis because the ALJ's decision <u>did</u> consider and account for Plaintiff's memory and vision loss as well as his hernias when formulating Plaintiff's RFC. (AR at 15-19.) By way of accommodation of Plaintiff's vision loss, the ALJ found that Plaintiff should avoid driving a motor vehicle after dark and all exposure to hazards such as moving machinery and unprotected heights. (AR at 15.) By way of accommodation of Plaintiff's memory loss, the ALJ found that Plaintiff is limited in the following ways: "limited to simple, routine and repetitive tasks performed in a work environment free of fast paced production requirements involving only simple, work-related decisions and with few, if any, work place changes; claimant should have only occasional interaction with the general public, only occasional interaction with co-workers and only occasional supervision." (*Id.*) Because the ALJ acknowledged at least one severe impairment and the ALJ's RFC finding reflected consideration of Plaintiff's severe and non-severe impairments as a whole, it is "legally irrelevant" whether the ALJ labeled a particular impairment as "severe." *Anthony v. Comm'r*, 266 F. App'x 451, 457 (6th Cir. 2008) (citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir.1987)).

Second, at worst, the argument shows a harmless error because there is no evidence that the residuals of Plaintiff's cerebrovascular accident (CVA) and multiple hernias preclude all light work. On the contrary, in July 2015, consultative psychological examination Greg Lunch, Ph.D., found that Plaintiff's "memory functioning seemed normal." (AR at 729.) A May 2017 eye examination indicated that Plaintiff's visual condition is treatable with multifocal glasses. (AR at 788.) After hernia surgery in April 2015, Plaintiff was advised to avoid lifting more than 25 pounds (AR at 673), which falls within the 20 pound lifting limit of light work. Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5.

**Argument 4**

Plaintiff's fourth and final argument is that the ALJ's evaluation of his limitations due to his pain and other subjective symptoms did not comport with the procedural requirements of 20 C.F.R. § 404.1529. According to Plaintiff:

> The agency promises to "consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529 (a). Further, the agency promises that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. § 404.1529 (c)(2).

(Docket # 13 at 5.)

To the extent Plaintiff's argument is that the ALJ did not recognize the above procedural requirements, the argument lacks a factual basis because the ALJ's decision stated that:

> In making this [RFC] finding, the undersigned [ALJ] has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529…. [W]henever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the undersigned must consider **other evidence** *(emphasis added)* in the record to determine if [and the extent to which] the claimant's symptoms limit the ability to do work-related activities.

(AR at 15-16.) The "other evidence" consists of: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, for symptom relief; (6) any measures used to relieve the symptoms; and (7) functional limitations and restrictions due to the pain or other symptoms. 20 C.F.R. § 404.1529(c)(2).

To the extent Plaintiff's argument is that application of these standards required a more limited RFC finding, Plaintiff has not shown that the ALJ's abused his discretion in weighing the above factors or that the ALJ's RFC finding was not supported by substantial evidence. A reviewing court decides only whether substantial evidence supports the ALJ's finding. *Blakley v. Comm'r*, 581 F.3d 399, 406 (6th Cir.

2009).  If so, the Court affirms that finding even in the face of substantial evidence supporting a different conclusion.  *Id.*

### Order

Because the ALJ's decision is supported by substantial evidence and Plaintiff's arguments are unpersuasive, it is hereby ORDERED that the final decision of the Commissioner is AFFIRMED and that Plaintiff's complaint is DISMISSED.

March 28, 2019

**Lanny King, Magistrate Judge**
**United States District Court**